**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

CORY T. BAKER,

    Petitioner,

    v.                                                        Case No. 10-C-412

GREG GRAMS,

    Respondent.

# DECISION AND ORDER

## NATURE OF CASE

The petitioner, Cory T. Baker, who is currently incarcerated at the Columbia Correctional Institution in Portage, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted by the Racine County Circuit Court of attempted first-degree homicide, first-degree reckless injury, second-degree recklessly endangering safety and seven counts of first-degree recklessly endangering safety. By his petition, the petitioner challenges the legality of his March 28, 1998, judgment of conviction on several grounds.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 73(a)(1) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

On August 16, 2010, the respondent filed a motion for summary judgment with supporting documents, asserting that the petition was not timely filed within the one year period of limitation set forth in 28 U.S.C. § 2244(d)(1)(A). (Docket # 8). On September 14, 2010, the petitioner filed a response to the respondent's motion attacking the constitutionality of the Antiterrorism and Effective Death Penalty Act of 1996.

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) gives state prisoners one year from the final disposition of their cases to file for habeas corpus relief. 28 U.S.C. § 2244(d)(1); see Jones v. Bertrand, 171 F.3d 499, 500 (7th Cir. 1999). Specifically, 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . ..

The AEDPA also provides for the tolling of the period of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In Anderson v. Litscher, 281 F. 3d 672, 674-75 (7th Cir. 2002), the court addressed when the one year period of limitations under § 2244(d)(1)(A) begins to run. The court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether

a petitioner chooses to avail himself of that opportunity, the 90-day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of § 2244(d)(1)(A) for purposes of calculating when the period of limitations begins to run. Id. at 674-75.

On March 28, 1998, the petitioner was convicted in Racine County Circuit Court of attempted first-degree homicide, first-degree reckless injury, second-degree recklessly endangering safety and seven counts of first-degree recklessly endangering safety. He was sentenced to 51 years imprisonment. The petitioner appealed the judgment of his conviction to the Wisconsin Court of Appeals on three grounds. (Respondent's Brief, Exh. B). First, that the trial court erred in declining to remove a juror for cause. Id. Second, that the evidence was insufficient to support his recklessly-endangering safety convictions. Id. Third, that the prosecutor's closing argument deprived him of a fair trial. Id.

On January 26, 2000, the Wisconsin Court of Appeals affirmed the judgment of the Racine County Circuit Court. Id. On June 13, 2000, the Wisconsin Supreme Court denied the petitioner's request for review. (Respondent's Brief, Exh. C). Consequently, the petitioner's conviction became final by the conclusion of direct review on September 11, 2000, 90 days after the Wisconsin Supreme Court denied further review. 28 U.S.C. § 2244(d)(1)(A). Therefore, the petitioner's one-year time limit to petition for habeas corpus relief began to run on September 12, 2000. It expired one year later on September 11, 2001. The petitioner's petition for a writ of habeas corpus is dated April 28, 2010, more than nine years and seven months after the one-year period of limitations for filing a federal habeas petition had passed. See Houston v. Lack, 487 U.S. 266, 273-75 (1988).

The court notes that in certain circumstances, however, the petitioner may demonstrate a basis for tolling the period of limitations for filing a petition for a writ of habeas corpus.

Section 2244(d)(2) provides for the tolling of the period of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In July 2003, the petitioner filed a Wis. Stat. § 974.06 motion for post-conviction relief. The petitioner's motion did not toll the period for filing a petition for a writ of habeas corpus in federal court, however, because the one-year period of limitation had already expired. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005) (the one-year period of limitations cannot be tolled by the later filing of a motion or petition seeking collateral relief). Accordingly, in this case, the period of limitations was not tolled pursuant to § 2254(d)(2).

Nevertheless, the petitioner maintains that the respondent's motion should be denied, asserting that the "statute of limitation under 28 U.S.C. § 2244 is unconstitutional because it is repugnant to U.S.C. Article 1 sec. 9." (Petitioner's Response Brief at 4). The petitioner further asserts that "[a]ll laws which are repugnant to the Constitution are null and void." Id.

Neither the Supreme Court nor the court of appeals for this circuit has ruled on whether the AEDPA limitations period violates the Suspension Clause with respect to first habeas petitions. Other courts have, however, unanimously upheld the constitutionality of AEDPA's limitations period. See, e.g., Green v. White, 223 F.3d 1001, 1004 (9th Cir. Cal. 2000) (the one-year limitation does not per se render the writ of habeas corpus inadequate or ineffective); Wyzykowski v. Dep't of Corrections, 226 F.3d 1213, 1217 (11th Cir. 2000) (the one-year limitation is not an unconstitutional suspension of the writ of habeas corpus); Buckhannon v. Ballard, 2010 U.S. Dist. LEXIS 43915, 10-11 (S.D. W. Va. Mar. 24, 2010) (the one-year limitation does not per se constitute a violation of the Suspension Clause); Ellis v. Stephens,

2006 U.S. Dist. LEXIS 19425, 10-11 (M.D. Ga. Mar. 20, 2006) (the one-year limitation does not per se constitute an unconstitutional suspension of the writ of habeas corpus).

The one-year limitations period violates the Suspension Clause if it renders the remedy of habeas corpus "inadequate or ineffective." The one-year period of limitations is not jurisdictional and may be subject to equitable tolling. Johnson v. Chandler, 224 F. Appx. 515, 519 (7th Cir. 2007). Because the limitations period does leaves a petitioner with a reasonable opportunity to have his claim heard on the merits, it does not render the habeas corpus remedy inadequate or ineffective. Accordingly, the one year limitations period does not constitute a per se violation of the Suspension Clause and, therefore, the respondent's motion for summary judgment will be granted and the petition will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion for summary judgment on the petitioner's petition for a writ of habeas corpus be and hereby is **granted**. (Docket # 8).

**IT IS ALSO ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of November, 2010.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge
